# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL R. BYNUM, #310562, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-02748-SMY |
| | ) |
| DTU TASK FORCE and | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darryl Bynum, an inmate in St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983. In the Complaint,[1] Plaintiff alleges that the defendants violated his constitutional rights during his arrest in Cahokia, Illinois, and his detention at St. Clair County Jail in Belleville, Illinois. (Doc. 7). The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to filter out any portion that is frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). When screening the claims under 28 U.S.C. § 1915A, the Court will also consider whether the claims and parties are properly joined herein. *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff asserts two claims in the Complaint (Doc. 7): Plaintiff alleges he was subjected to excessive force during his arrest: "June 13 - 2023, DTU violated my rights by assulting and

---

[1] The operative Complaint (Doc. 7) was filed September 5, 2023. It supersedes and replaces all prior versions filed before that date and renders them **VOID**.

1

faming me and torchering me." (Doc. 7, p. 7) (errors in original). Plaintiff alleges he was denied necessary medications and treatment at St. Clair County Jail "… not giving me my pecription medication starting on June 15, I gave to a nurce my perscription witch is a pain shot mucle relaxers and neproxon and a psychval etc." *Id*. (errors in original). In connection with these claims, Plaintiff seeks a speedy trial, release from custody, and the money damages he is owed in his "Amazon" case ($3 million). *Id*. at 8.

## Discussion

Based on the allegations, the Court designates two claims in the Complaint (Doc. 7):

**Count 1:**    Defendant DTU Task Force used excessive force against Plaintiff during his arrest, in violation of his constitutional rights.

**Count 2:**    Defendant St. Clair County Jail denied Plaintiff his muscle relaxers, naproxen, and psychological evaluation, in violation of his constitutional rights.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Improper Joinder

The Complaint presents joinder problems. (*See* Doc. 7). Count 1 arises from events that occurred during Plaintiff's arrest and involves the DTU Task Force. Count 2 arises from events that occurred during his detention at St. County Jail and involves unidentified individuals who denied him medication for undisclosed medical conditions. These two claims involve no common facts, legal theories, defendants, or requests for relief. As such, Counts 1 and 2 cannot proceed together in the same case.

Rule 20(a)(2) permits a plaintiff to join defendants in a single action, if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question

2

of law or fact common to them all will arise in the action. FED. R. CIV. P. 20(a)(2). When faced with misjoinder, Rule 21 grants district courts broad discretion to dismiss a party or sever any claim, at any time, on just terms. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing FED. R. CIV. P. 21). Even if claims are eligible for joinder under Rule 20, a court may separate the claims into distinct suits. *Dorsey*, 55 F.4th at 1103.

Because they are not properly joined, Plaintiff must pursue Counts 1 and 2 as separate actions. In this particular case, Plaintiff will have an opportunity to decide which claim he wishes to pursue in this case and which claim he will bring in a separate action. The Clerk's Office will provide Plaintiff with two blank civil rights complaint forms for this purpose. Plaintiff must file an Amended Complaint in this case according to the deadline and instructions set forth below, if he intends to pursue any claims in this action.

## Merits Review Under 28 U.S.C. § 1915A

The Complaint states no claim for relief under 42 U.S.C. § 1983. Plaintiff named only two defendants: DTU Task Force (Count 1) and St. Clair County Jail (Count 2). Neither is considered a "person" subject to suit under § 1983. Therefore, both defendants will be dismissed.

Section 1983 liability hinges on personal involvement in a constitutional deprivation. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). The doctrine of *respondeat superior* is inapplicable under § 1983. *Id*. Thus, Plaintiff must name each defendant who violated his federally protected rights and briefly describe the acts or omissions of each defendant. Having failed to name a person who was responsible for using excessive force against him in Count 1 or a person who denied him medication for a serious medical condition in Count 2, Plaintiff has failed to articulate a claim against a defendant under § 1983.

Plaintiff also requests relief that is not available under § 1983 – a speedy trial, release from custody, and damages owed in another civil case. Section 1983 authorizes money damages and injunctive relief only for claims brought in this particular case—not another criminal or civil case.

For the above-stated reasons, Plaintiff's Complaint does not survive screening and will be dismissed without prejudice. Plaintiff will have an opportunity to file an Amended Complaint. Prior to the deadline listed below, Plaintiff shall prepare and file a First Amended Complaint that focuses on Count 1 *or* 2 in this case. He will also be given a second complaint form for use in filing a separate suit to address the other claim, if he chooses to do so. Plaintiff is warned that he will be responsible for an additional filing fee for the separate action and may also incur a "strike" for its dismissal under 28 U.S.C. § 1915(g). Plaintiff is **WARNED** that failure to comply with the deadline and instructions for amending his complaint *in this case* shall result in dismissal of this action and the assessment of a "strike." *See* FED. R. CIV. P. 41; 28 U.S.C. § 1915(e), (g).

## Disposition

The Complaint (Doc. 7) is **DISMISSED** without prejudice for improper joinder, *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022), and for failure to state a claim for relief against any defendants, *see* 28 U.S.C. § 1915A. **COUNT 1** against **DTU TASK FORCE** and **COUNT 2** against **ST. CLAIR COUNTY JAIL** are **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **January 2, 2024** that focuses on Count 1 or Count 2, but not both. He is **ADVISED** that an amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along

with the Amended Complaint.  He should also list this case number on the first page (*i.e.*, Case No. 23-cv-02748-SMY).  The Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If the Amended Complaint presents joinder problems, the Court will exercise its discretion under Rule 21 to sever or dismiss one or more claims or defendants.  To avoid this, Plaintiff should focus his Amended Complaint on Count 1 *or* Count 2, not both.  He may file a separate lawsuit to pursue the other claim.  When doing so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under § 1983 and bring any new suit before this 2-year time period expires.  Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(g).

Should Plaintiff fail to file his Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.  FED. R. CIV. P. 41(b).

**The Clerk is DIRECTED to TERMINATE DTU Task Force and St. Clair County Jail as parties in CM/ECF and SEND Plaintiff two (2) blank civil rights complaint forms for**

**use in preparing the Amended Complaint in this case and for filing a separate Complaint as a new case, if he chooses to do so.**

IT IS SO ORDERED.

DATED: 12/4/2023

s/ *Staci M. Yandle*
STACI M. YANDLE
United States District Judge